# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 912 | **DATE** | **JUL 1 7 2000** |
| **CASE TITLE** | Messana v. Mercedes-Benz | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Plaintiff's motion for attorneys' fees and costs [Doc. # 51-1] is granted in part and denied in part. Attorneys' fees in the amount of $20,594.00 and litigation costs in the amount of $508.16 shall be awarded to the plaintiff.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | **JUL 1 8 2000** | | |
| | Notified counsel by telephone. | | date docketed | | |
| X | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| dc(lc) | courtroom deputy's initials | | Date/time received in central Clerk's Office | | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MESSANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99 C 912 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| MERCEDES-BENZ OF NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED

JUL 18 2000

## MEMORANDUM OPINION AND ORDER

Joseph Messana ("Messana") brought a breach of warranty action against Mercedes-Benz

of North America, Inc. ("Mercedes") under the Magnuson-Moss Warranty Act ("Magnuson-

Moss"), 15 U.S.C. § 2301 et seq. A jury found in favor of Messana and awarded him $78,500.00

in damages. Messana now seeks attorneys' fees in the amount of $43,299.00 and costs in the

amount of $3,637.20.


Attorneys' Fees

Magnuson-Moss provides for an award of attorney' fees to the prevailing party. See 15

U.S.C. § 2310(d)(2).[1] The district court has considerable discretion in calculating the amount of

---

[1] 15 U.S.C. § 2310(d)(2) provides:
If a consumer [ ] prevails in an action brought under [the Magnuson-Moss Warranty Act],
he may be allowed by the court to recover as part of the judgment a sum equal to the
aggregate amount of costs and expenses (including reasonable attorneys' fees based on



fees to be awarded. See id. See also Spegon v. Catholic Bishop of Chicago, 989 F. Supp. 984, 988 (N.D. Ill. 1998) (citing Vocca v. Playboy Hotel of Chicago, Inc., 686 F.2d 605 (7th Cir. 1985)). The prevailing party bears the burden of "establishing [an] entitlement to an award and documenting the appropriate hours expended and hourly rates." Spegon, 989 F. Supp. at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983)).

In determining the appropriate fee award, the court is guided by the lodestar amount, which equals the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Eddleman v. Switchcraft, Inc., 965 F.2d 422, 424 (7th Cir. 1992). A reasonable billing rate is based on the prevailing market rates for similar services rendered by lawyers of reasonable comparable skill, experience, and reputation. See Spegon, 989 F. Supp. at 988 (citing Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). See also Bankston v. State of Illinois, 60 F.3d 1249, 1256 (7th Cir. 1995). A fee applicant must demonstrate that the requested rate is consonant with the prevailing market rate and that the hours worked were reasonable. See id.; Chicago Tribune Co. v. U.S. Dept. of Health and Human Serv., 70 F. Supp. 2d 832, 837 (N.D. Ill. 1998) ("Failure to document rates or the number of hours worked will lead to a reduction of the amount awarded.")

First, the court examines the reasonableness of the rates charged by Messana's attorneys at Krohn and Moss, Ltd. ("K & M"). To enable the court to ascertain the propriety of the billing

the actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorney's fees would be inappropriate.

rates, the plaintiff must furnish information about the ability and experience of each attorney involved in the litigation. Messana requests fees for the work of Gia DiLeo but fails to provide any information about her background and experience. Without this information, the court cannot evaluate the reasonableness of the rates claimed for DiLeo's work. Accordingly, the 10.7 hours requested for DiLeo at the rate of $150.00 will be excluded. See Chicago Tribune, 70 F. Supp. 2d at 837-38, 839 (reducing fee award where inadequate documentation left court wondering "who these people are, and why they are entitled to the claimed hourly rate").

As a general matter, however, the court finds that the rates charged for the work of the attorneys at K & M are reasonable. Mercedes urges the court to limit K & M's rates to the amounts allowed in American Security Mortgage v. Mercedes Benz of North America, No. 97 C 4799, 1998 WL 70609 (N.D. Ill. Feb. 11, 1998), wherein Judge Suzanne Conlon reduced to $125 the $150 rates claimed for two inexperienced attorneys. This prior case was litigated and ruled upon over two years ago. Considering the recent rise in the prevailing market rates for starting associates, the billing rates deemed appropriate in 1998 cannot be applied to a 2000 case.

Although K & M initially failed to support their contention that a $150-190 hourly rate was reasonable for consumer litigation lawyers of their stature in the Chicago legal community, they provided the requisite information in their reply brief. K & M proffered the affidavit of Daniel Edelman, a practicing consumer advocacy attorney in Chicago who attested to the reasonableness of the requested billing rates and lodestar figure. The court agrees that the market would support the hourly rates claimed by K & M.

Next, the court reviews whether the 162.7 hours claimed by K & M were reasonably and necessarily expended in this case. Counsel are required to exercise "billing judgment." Hensley,

461 U.S. at 434, 103 S. Ct. at 1940. Accordingly, this court will not honor a fee request for hours that are excessive, redundant, or otherwise unnecessary. See id., 461 U.S. at 434, 103 S. Ct. at 1940.

Mercedes challenges various facets of the hours detailed in plaintiff's fee petition. First, Mercedes contends that many of the time entries are duplicative. As an example, Mercedes cites to the entries in which attorneys Adam Krohn and David Levin, among others, "review[ed] file" or "review[ed] all pleadings and client documents." See Time Entry March 30, 1999 and April 1, 1999. Mercedes also points out other instances in which the involvement of seven different attorneys on the case purportedly resulted in duplicative efforts. It is not unusual for cases to be staffed by teams of attorneys and it is not unreasonable to expect each attorney to learn about the case. Following the developments of a case will require the attorneys to review the relevant documents, and it appears that that was what the K & M attorney did here. Although Mercedes objects to the multiple "memos to [the] file" prepared by K & M attorneys, those memos, pertaining to different aspects of the litigation, the court trusts that those memos expedited each attorney's understanding of the case.

Furthermore, Mercedes argues that K & M should not recover attorney fees for the execution of ministerial tasks. The court agrees. See, e.g., Mercedes, 1998 WL 70609, at * 3 (denying fees for "time spent on tasks that could have been carried out by clerical personnel or paralegal assistants"); Special Educ. Serv. v. RREEF Performance Partnership, No. 95 C 6468, 1996 U.S. Dist. Lexis 9698, at *21 (N. D. Ill. Jul. 10, 1996). The court recognizes that smaller firms do not have the type and extent of resources that larger firms have available. K & M, however, had at least one paralegal who could handle tasks that did not require substantive legal

knowledge. Charging an attorney's hourly rate of $150.00 to $190.00 for making administrative phone calls and organizing papers cannot be justified.

The court is unable to ascertain precisely the amount of time allotted to many clerical tasks included in plaintiff's fee petition because K & M's billing records often "clumped" together multiple tasks into one daily entry. See Chicago Tribune, 70 F. Supp. 2d at 838-39 (reducing fee award because clumped time entries rendered impossible a determination of reasonableness); Mercedes, 1998 WL 70609, at *3 (discouraging the practice of clumping time entries). Thus, the court will reduce the fee award by 0.25 hours to account for each of the following entries: 2/17/99 (prepare civil cover sheet, locate registered agent for Mercedes); 3/2/99 (call Orland Park Motors to find out name of manager in charge of records); 3/19/99 (prepare certificate of service); 4/1/99 (prepare notice of filing); 4/6/99 (separate, organize, highlight documents); 4/22/99 (separate, organize, highlight documents); 5/11/99 (call plaintiff to discuss availability for inspection date); 5/19/99 (call client to discuss availability); 5/20/99 (separate, organize, highlight documents); 6/3/99 (call client to confirm availability); 6/7/99 (call expert to confirm availability to attend deposition); 7/13/99 (call photo store to find out about the availability of laser copies for photographs); 1/18/00 (call court's clerk to ascertain trial date); 1/21/00 (call court's clerk to ascertain trial date); 1/21/00 (organize file and separate into trial folders). See Mercedes, 1998 WL 70609, at *3 (reducing fee petition to account for clerical tasks performed by attorneys); Keller v. Illinois H.S. Assoc., No. 94 C 1929, 1997 U.S. Dist. Lexis 7437, at *10 (N. D. Ill. May 22, 1997). In addition, the recovery of fees for 1.5 hours expended by Krohn "pull[ing]/mark[ing] all exhibits" on November 30, 1999 will be denied. The majority

of the above tasks were performed by Krohn or Moss at their $190.00 hourly rate. Thus, 5.25 hours at the rate of $190, for a total of $997.50, will be deducted from plaintiffs' fee award.

Likewise, plaintiff's fee award will be reduced for work performed by two senior partners, Krohn and Gregory Moss, which could have been accomplished by law clerks or junior associates at a lower billing rate. On numerous occasions, Krohn and/or Moss handled matters that did not require the expertise that they, as senior partners, brought to the case. Again, the court is aware that at smaller firms, senior attorneys will have to undertake tasks that at larger firms would be doled out to junior associates and law clerks. However, it certainly does not take a senior partner to "Pull Complaint and match allegations in Complaint with Defendant's Answers" or "Pull cases cited [in Defendant's trial brief]." See Time Entry March 15, 1999 (1.2 hours), December 9, 1999 (0.9 hours). Instead of the $190 hourly rate charged by Krohn and Moss for the 2.1 hours expended in the performance of these services,[2] K & M shall recover fees at the hourly rate of $150. Eighty-four dollars will be deducted from the fees sought. See RREEF, 1996 U.S. Dist. Lexis 9698, at *21-22 (discounting fee award for "senior partners performing research that could have been done by a law clerk").

Mercedes also urges the court to reduce plaintiff's award to account for K & M's "standardization of pleadings and case preparation." Def.'s Resp. at 19. Indeed, K & M boasts of substantial experience in warranty litigation. It is reasonable to expect that the hours expended on routine matters-- such as pleadings, requests for discovery, and motions for attorneys' fees-- would reflect the "benefits of standardization." Mercedes, 1998 WL 70609, at *

---

[2] Because of clumping of the time entries, the court could not identify the precise time expended on the relevant tasks.

4. Although generally the hours requested by K & M do not appear excessive, the court finds that 4.3 hours claimed by Moss for preparing the motion for fees is indeed excessive.

A review of the fee petition shows that it is a boilerplate product. The case-specific background section constitutes only the first three pages of the nineteen page petition. The remainder of the petition contains generalized legal arguments and biographical sketches of the attorneys which do not reflect any specific tailoring to this case. It is hard to believe that updating the case law (which was done rather incompetently, as will be discussed forthwith), cutting and pasting Messana's claim from his complaint, and adding several paragraphs about the procedural background of this case necessarily took 4.3 hours. The court shall award fees for two hours expended on the fee petition, and even that, the court thinks, is a generous allowance. See Ustrak v. Fairman, 851 F.2d 983, 988 (7th Cir. 1988); Spegon, 989 F. Supp. at 991.

K & M seeks an enhancement of their fee award to compensate them for the risks involved in ligating a continency case. The request is denied. In City of Burlington v. Dague, 505 U.S. 557, 566, 112 S. Ct. 2638, 2643, 120 L. Ed. 2d 449 (1992), the Supreme Court proscribed the enhancement of fee awards under fee shifting statues. See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728, 107 S. Ct. 3078, 3088, 97 L. Ed. 2d 585 (1987) (announcing that "multipliers or other enhancement of a reasonable lodestar fee to compensate for assuming the risk of loss is impermissible under the usual fee-shifting statute") (plurality). Although Dague was limited to the environmental statute at issue in that case, the Seventh Circuit has extended the holding to all fee-shifting statutes. See Barrow v. Falck, 977 F.2d 1100, 1105 (7th Cir. 1992) (stating that Dague "discussed fee-shifting statutes in general and observed that 'our case law constituting what is a reasonable fee applies uniformly to

all of the fee-shifting statutes"). <u>But see</u> <u>To-Am Equip. Co., Inc. v. Mitsubishi Caterpillar</u>

<u>Forklift America, Inc.</u>, 953, F. Supp. 987, 997 (N.D. Ill. 1997) (noting that risk multipliers may

be warranted when determining the amount a lawyer may collect from her own client or from a

common fund representing the interests of a class). A contingency enhancement is accordingly

prohibited under Magnuson-Moss.


<u>Costs</u>[3]

Plaintiff also seeks to recover $3,637.20 in costs, including $3,042.00 for services

rendered by plaintiff's expert witness, Phillip Grimer. By statute, courts may tax some types of

litigation costs to losing parties, including witness fees. <u>See</u> <u>Bankston</u>, 60 F.3d at 1256; 28

U.S.C. § 1920(3). With the exception of court-appointed expert witnesses,[4] witness fees are

limited to $40.00 per day of attendance at trial as well as expenses incurred for travel and

subsistence. <u>See</u> <u>Bankston</u>, 60 F.3d at 1257; 28 U.S.C. § 1821. Beyond that modest amount,

"expert witness expenses may not be calculated as part of attorneys' fees or general litigation

costs except as allowed by specific provisions of fee-shifting statutes." <u>Bankston</u>, 60 F.3d at

1257. <u>See also</u> <u>Chicago College of Osteopathic Med. v. George A. Fuller Co.</u>, 801 F.2d 908, 911

(7th Cir. 1986); <u>Illinois v. Sangamo Construction Co.</u>, 657 F.2d 855, 864-65 (7th Cir. 1981)

(holding that a party may "recover as costs of suit for expert witnesses only the amount specified

---

[3] Mercedes does not object to the $150.00 filing and $30.00 service fees claimed by Messana..

[4] 28 U.S.C. § 1920(6) expressly provides for the "[c]ompensation of court appointed experts." Messana, however, secured an independent expert.

in 28 U.S.C. § 1821"); Movitz v. First Nat'l Bank of Chicago, 982 F. Supp. 571, 577 (N.D. Ill. 1997). Magnuson-Moss does not provide for an award of expert witness fees, and Messana's requests for expert witness fees will be limited to a recovery of $40.00 for Grimer's attendance at trial. Accord Bankston, 60 F.3d at 1257; Parts and Elec. Motors, Inc. v. Sterling Elec. Inc., 123 F.R.D. 584, 588 (N.D. Ill. 1988).


Additional Reduction

On the court's own initiative, amount of plaintiff's total award (including both fees and costs) will be reduced by 20%. In its fee petition, K & M sought a risk multiplier of 1.5 and over $3,000 in expert witness costs. Despite purportedly spending 4.3 hours preparing the fee petition, K & M failed to discern that the well-established law does not warrant either award. K & M's request for $43,299.00 in fees and $3,637.20 in costs is ludicrous in light of the fact that they are only entitled to $25,742.50 in fees plus an additional $635.20 in costs (see itemized calculation below).

> [S]ome price may reasonably be imposed on a litigant [ ] for having put its adversary and this Court to work in converting what should be a pro forma exercise (the submission and approval of a conventional bill of costs) into a "federal case" [ ] by making some claims that do not bear a semblance of merit.

Jansen v. Packaging Corp. of America, 898 F. Supp. 625, 629-30 (N.D. Ill. 1995) (reducing allowable costs by 20%). See also Nochowitz v. Ernst & Young, 864 F. Supp. 59, 60-61 (N.D. Ill. 1994) (cutting prevailing party's award by 50% for advancing a legal position that was "not even colorable"). The blatant overreaching attempted by plaintiff will not be tolerated by this Court.

The award of fees and costs is calculated as follows:

| | |
|---|---:|
| Claimed attorneys' fees (162.7 hrs x 1.5 multiplier) | $ 43,299.00 |
| DiLeo (10.7 hrs x $150) | - $ 1,605.00 |
| Ministerial tasks (5.25 hrs x $190) | - $ 997.50 |
| Unnecessary Sr. Partner Work (2.1 hrs x $40) | - $ 84.00 |
| Fee Petition Reduction (2.3 hrs x $190) | - $ 437.00 |
| Reduction of claimed multiplier | - $ 14,433.00 |
| Subtotal (Attorneys' fees) | $ 25,742.50 |
| | |
| Claimed costs | $ 3,637.20 |
| Expert fees ($3,042 - $40) | - $ 3,002.00 |
| Subtotal (Costs) | $ 635.20 |
| | |
| Subtotal (Fees + Costs) | $ 26,377.70 |
| 20% Reduction | - $ 5,275.54 |
| **Grand Total (Fees + Costs)** | **$ 21,102.16** |

## Conclusion

For the foregoing reasons, Plaintiff's motion for attorneys' fees and costs is granted in part and denied in part. Attorneys' fees in the amount of $20,594.00 and litigation costs in the amount of $508.16 shall be awarded to the plaintiff.

Enter:

David H. Coar
**United States District Judge**

Dated: **JUL 1 7 2000**

-10-