Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 0912 | **DATE** | 10/26/2001 |
| **CASE TITLE** | Joseph Messana vs. Mercedes Benz of North America, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Valuation of Plaintiff's vehicle to determine if the amount in controversy requirement of Magnuson-Moss Warranty Act is met.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ■ This case is dismissed with prejudice
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, this case is dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to meet the amount in controversy requirement of $50,000 under the Magnuson-Moss Warranty Act. Plaintiff's motion for leave to dispose of vehicle [104-1] is denied as moot. The court's judgment dated 1/27/00, document number 49 is vacated. **Any other pending motions are moot and termianted. Case shall remain closed.**
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 31 2001 | |
| | Notified counsel by telephone. | | date docketed | 107 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | 01 OCT 30 PM 6: 09 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MESSANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 0912 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| MERCEDES BENZ OF NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is the valuation of Plaintiff's S420V Mercedes Benz Automobile for the purpose of determining whether the amount in controversy exceeds the statutory minimum of $50,000 under the Magnuson-Moss Warranty Act of 1975, 15 U.S.C. §§ 2301-12. For the reasons set forth below, this court dismisses the action for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

In September of 1997, Plaintiff paid $74,558.90 for a 1998 Mercedes Benz S420V ("S420V") by trading in a vehicle and paying the remaining balance owed for the S420V. Subsequent to taking possession of the S420V, Plaintiff experienced several defects. On January 15, 1999, Plaintiff sent notice to Defendant, Mercedes Benz U.S.A., Inc. ("Defendant") that he intended to file suit against Defendant for breach of express and implied warranty pursuant to the Magnuson Moss Warranty Act ("Warranty Act"). On February 11, 1999, Plaintiff filed suit against Defendant in the United States District Court, Northern District of Illinois, Eastern

-1-

Division. He sought the following in damages: (1) cost of vehicle: $78,000; (2) loss of use; (3) incidental and consequential damages; (4) aggravation and inconveniences; (5) prejudgment interest; and (6) reasonable attorneys' fees and court costs. The case was tried in this court and the jury awarded damages to Plaintiff in the amount of $78,500.

Defendant appealed and claimed that the district court lacked subject matter jurisdiction because the plaintiff failed to meet the Warranty Act's amount in controversy requirement. Messana v. Mercedes-Benz of North America, Inc., Nos. 00-1514 & 00-2964, 2001 U.S. App. LEXIS 3924 (7th Cir., March 7, 2001). The Warranty Act allows a consumer to bring a state breach of warranty action in federal court against a dealer when the amount in controversy is at least $50,000. The Seventh Circuit explained that the formula for calculating the amount in controversy was the replacement cost minus the value of the used car minus use value obtained. Messana, Nos. 00-1514 & 00-2964 at *3. Since there was an insufficient basis in the record on appeal to determine the value in the allegedly defective state, the case was remanded to this court to make that determination. Messana, Nos. 00-1514 & 00-2964 at *2. On June 15, 2001, this court conducted an evidentiary hearing to determine the value of the vehicle, as of February, 1999, when Plaintiff filed his complaint.

## DISCUSSION

The Warranty Act requires an amount in controversy of at least $50,000. Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 959 (7th Cir. 1998). Jurisdictional amount is determined as of the date the case was filed. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). To justify dismissal of the claim, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul

Mercury Indemnity Co., 303 U.S. at 289; Gardynski-Leschuck, 142 F.3d at 956. The amount in controversy is calculated by subtracting the value of the allegedly defective vehicle and the use value from the replacement value. Messana, Nos. 00-1514 & 00-2964 at *3. The Seventh Circuit determined that the replacement price for a 1998 S420V is approximately $78,000. It also determined that the use value was $8,743.04 which brings the total amount in controversy to $69,256.96. Therefore, Messana must show that the value of the allegedly defective vehicle was less than $19,256.96 in February, 1999 to meet the jurisdictional requirement. Messana, Nos. 00-1514 & 00-2964 at *4.

The court may rely on expert testimony in determining the value of the allegedly defective vehicle. Buechin v. Ogden Chrysler-Plymouth, Inc., 159 Ill.App.3d 237, 511 N.E.2d 1330 (Ill. App. 1987). Plaintiff called two experts and both of them testified that the "wholesale value" of the vehicle was between $15,000 and $17,000. Neither of the plaintiff's experts deal with Mercedes automobiles on a regular basis but they followed standard procedure in valuing the vehicle. They both took the vehicle's extensive repair history and the lawsuit into consideration when valuing the S420V. Defendant called one expert witness who testified that the "retail value" of the vehicle was between $62,000 and $64,000 in February 1999. The Defendant's expert based his valuation in large part on the Black Book and his extensive experience with Mercedes Benzs but did not take into account the repair history of the vehicle or the fact that it was the subject of a lawsuit.

The first problem is to determine the correct measure of value for purposes of applying the formula laid out by the Seventh Circuit. Defendant asserts that value should be determined by the "retail value" of the allegedly defective vehicle because of the Seventh Circuit's reference

to what the S420V would sell for on the "open market." Messana, Nos. 00-1514 & 00-2964 at *5. Unfortunately, neither party offered a compelling rationale for its approach. Clearly, the focus should be on value to the plaintiff. The ultimate question is "assuming liability, how much has the plaintiff been damaged?" If the Plaintiff went out into the market and sold the defective automobile, how much would he have received. The answer depends upon whether Plaintiff would be more likely to sell in the retail or the wholesale market. It is probably safe to assume that the Plaintiff would choose the market that yielded the highest price. Ordinarily that would be the retail market. It is reasonable to assume that a hypothetical purchaser would be willing to pay more than the wholesale cost to the dealer because the dealer would mark up the wholesale price to cover expenses and to make a profit. But, how much would our hypothetical purchaser be willing to pay in a face to face transaction? Our purchaser would not pay full retail value (the price charged by a dealer in used automobiles) because the dealer-seller would almost certainly offer some sort of warranty. So, it is safe to assume the "price" that a hypothetical purchaser would pay is somewhere between the wholesale and retail values.

If we assume that the retail and wholesale values found by the experts are accurate and the real value was the mid point between the competing approaches, the car would be worth $38,500, or well above the value which would result in the jurisdictional amount being met. Even if this court were to find that the defendant's value was excessive by a factor of two because its expert did not take into account the repair record and the fact of this lawsuit, the mid point between the reduced retail value ($31,500) and the lowest range of the wholesale value assigned by the Plaintiff's expert ($15,000) is $23,250. Plugging that number into the formula leaves an amount in controversy of only $46,006.96; less than the $50,000 jurisdictional

threshold ($78,000 - $23,250 - $8,743.04 = $46,006.96 < $50,000). It thus appears to a legal certainty that Mr. Messana has not shown the amount in controversy to be greater than or equal to $50,000. Therefore, this court does not have subject matter jurisdiction in this matter.

## Conclusion

For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to meet the amount in controversy requirement of $50,000 under the Magnuson-Moss Warranty Act.

Enter:

_____
David H. Coar
United States District Judge

Dated: OCT 26 2001